PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────

REGINALD MCFADDEN, also known as
Reginald Ghaffaar McFadden,

        Plaintiff,                                   16-CV-6105 FPG

    -v-                                         DECISION AND ORDER

ANTHONY J. ANNUCCI, Acting
Commissioner, DOCCS, et al.,

        Defendants.
───────────────────────────────────────

## INTRODUCTION

*Pro se* Plaintiff Reginald McFadden, an inmate at Attica Correctional Facility ("Attica C.F."), has filed a Motion to Amend/Correct his Second Amended Complaint[1] to add additional defendants and claims alleging, *inter alia*, retaliation and denial of medical care. ECF No. 22. Plaintiff also seeks an injunction "to stop and cease retaliation and order Defendant [Anthony J.] Annucci, Acting Commissioner of DOCCS to stop and cease and do what is necessary to prevent further retaliation." *Id.* at 4. Plaintiff also filed a Motion to Consolidate and a Motion to Appoint Counsel. ECF Nos. 16, 24.

---

[1] Plaintiff filed a Complaint and Amended Complaint in the United States District Court, Northern District of New York, which alleged, among other things, the denial of adequate medical care at Attica C.F. ECF Nos. 1, 7. The Northern District of New York severed from the Amended Complaint those claims that arose at Attica C.F. and transferred them to this Court. Upon transfer, this Court screened the Amended Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and dismissed some claims with prejudice, allowed some claims to proceed, and granted Plaintiff leave to file a Second Amended Complaint as to several other claims. ECF No. 17. Thereafter, Plaintiff filed a Second Amended Complaint as directed. ECF No. 18. Before the Court screened Plaintiff's Second Amended Complaint, Plaintiff filed the instant Motion to Amend/Correct.

1

# DISCUSSION

I. **Motion to Amend/Correct**

Insofar as the Motion to Amend/Correct fails to comply with the requirements of Local Rule 15(a), it is DENIED. *See* Loc. R. Civ. P. 15(a). To the extent that the Motion to Amend/Correct seeks the Court's permission to file a proper motion to amend the Second Amended Complaint consistent with Local Rule 15(a), Plaintiff's request is GRANTED.

Local Rule 15(a) requires a movant seeking to amend a pleading to attach a copy of the proposed amended pleading as an exhibit to the motion. The instant Motion to Amend/Correct does not include a complete copy of a proposed Third Amended Complaint as Local Rule 15(a) requires. Plaintiff is advised that a proposed amended complaint must be a complete pleading that supersedes the Second Amended Complaint in all respects and that no portion of the Second Amended Complaint may be incorporated into the proposed Third Amended Complaint by reference. *See Arce v. Walker*, 139 F.3d 329, 332 n.4 (2d Cir. 1998) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.").

Plaintiff shall file any motion to amend the Second Amended Complaint with a complete copy of a proposed Third Amended Complaint in compliance with Local Rule 15(a) and Rules 8 and 10 of the Federal Rules of Civil Procedure by November 28, 2017.

The Court will not screen the Second Amended Complaint until Plaintiff files a Third Amended Complaint as directed above. If Plaintiff does not file a Third Amended Complaint as directed above, the Court will screen the Second Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## II.  Motion for Injunctive Relief

Plaintiff's Motion to Amend/Correct also includes a conclusory request to enjoin Defendants from retaliating against him and to compel Defendant Annucci to do what is necessary to stop the retaliation. To the extent Plaintiff requests a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, that request is DENIED.

"A party seeking a preliminary injunction must demonstrate '(1) irreparable harm should the injunction not be granted, and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief.'" *N.A.A.C.P., Inc. v. Town of East Haven,* 70 F.3d 219, 223 (2d Cir. 1995). The "'serious questions' prong is also frequently termed the 'fair ground for litigation' standard." *Id.*

In some situations, a higher standard applies. "The moving party must make a 'clear' or 'substantial' showing of a likelihood of success where (1) the injunction sought 'will alter, rather than maintain, the status quo'—*i.e.,* is properly characterized as a 'mandatory' rather than 'prohibitory' injunction; or (2) the injunction sought 'will provide the movant with substantially all the relief sought, and that relief cannot be undone even if the defendant prevails at a trial on the merits.'" *Jolly v. Coughlin,* 76 F.3d 468, 473 (2d Cir. 1996).

Under either standard, Plaintiff's request for a preliminary injunction must be denied because he has not shown even the lesser standard of either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief. *See also* Loc. R. Civ. P. 65(a). Plaintiff's Motion to Amend/Correct and "Affidavit in Support of Motion to Add Defendants" (ECF No. 22) merely contain conclusory allegations that the defendants Plaintiff seeks to add are retaliating

against him. The allegations do not establish Plaintiff's entitlement to the extraordinary relief requested. *See Distribution Sys. of America, Inc. v. Vill. of Old Westbury*, 785 F.Supp. 347, 352 (E.D.N.Y. 1992) (quoting *JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 79 (2d Cir. 1990)) ("A preliminary injunction is considered an 'extraordinary remedy that should not be granted as a routine matter.'").

Accordingly, Plaintiff's Motion to Amend/Correct is denied insofar as it is seeks a preliminary injunction.

### III. Motion to Consolidate

Plaintiff requests that the Court consolidate this case with another case in which he was a plaintiff—*McFadden v. Annucci et al.*, 13-CV-559. ECF No. 16. By Decision and Order dated October 24, 2014, this Court dismissed that action and on October 30, 2014 the Clerk of Court entered judgment. ECF Nos. 16, 17. Thereafter, Plaintiff filed several motions for reconsideration and all of them were denied. ECF Nos. 18, 21, 22, 24. The 2013 case remains closed and therefore Plaintiff's Motion to Consolidate that case with this case is DENIED.

### IV. Motion to Appoint Counsel

Plaintiff also requests that the Court appoint him counsel because he "cannot prosecute [his] case without legal assistance." ECF No. 24 at 1.

There is no constitutional right to appointed counsel in civil cases, although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e). *See, e.g., Sears, Roebuck & Co. v. Charles Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). The Court must carefully consider whether to appoint counsel, because "every assignment of a volunteer lawyer deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). The Court must consider several factors, including whether the

4

indigent's claims seem likely to be of substance. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *Hodge v. Police Officers,* 802 F.2d 58 (2d Cir. 1986).

Here, it is unclear whether Plaintiff's claims are likely to be of substance as Defendants have not yet answered or otherwise responded to Plaintiff's Complaint. Therefore, Plaintiff's Motion to Appoint Counsel (ECF No. 24) is DENIED WITHOUT PREJUDICE. It is Plaintiff's responsibility to either retain counsel or to continue with this action *pro se*.

## CONCLUSION

For the reasons stated, Plaintiff's Motion to Amend/Correct (ECF No. 22) insofar as it requests to file a proper motion to amend the Second Amended Complaint is GRANTED, but insofar as it fails to comply with Local Rule 15(a), it is DENIED. Plaintiff must file a motion to amend the Second Amended Complaint, in accordance with Local Rule 15(a) and Rules 8 and 10 of the Federal Rules of Civil Procedure, by November 28, 2017. Plaintiff's Motion to Amend/Correct insofar as it requests a preliminary injunction is DENIED.

Plaintiff's Motion to Consolidate (ECF No. 16) and his Motion to Appoint Counsel (ECF No. 24) are DENIED.

IT IS SO ORDERED.

Dated: September 27, 2017
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court