UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

REGINALD MCFADDEN,

                              Plaintiff,                Case # 16-CV-6105-FPG

v.

                                                         DECISION AND ORDER

ANTHONY J. ANNUCCI, JR., et al.,

                              Defendant.
_____

## INTRODUCTION

*Pro se* Plaintiff Reginald McFadden, an inmate currently confined at Attica Correctional Facility, filed this action seeking relief pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's letter Motion for Reconsideration (ECF No. 43) of the Court's June 5, 2018 Order (ECF No. 40) that dismissed some of Plaintiff's claims with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## DISCUSSION

Although the basis for Plaintiff's request is somewhat unclear, the Court construes his letter as a motion for partial reconsideration under Rule 54(b) of the Federal Rules of Civil Procedure. Rule 54(b) provides that

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54. "A district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment." *United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982) (citing *United States v. Jerry*, 487 F.2d 600, 604 (3d Cir. 1973) ("[T]he power to

grant relief from erroneous interlocutory orders, exercised in justice and good conscience, has long been recognized as within the plenary power of courts until entry of final judgment and is not inconsistent with any of the Rules.")).

A litigant seeking reconsideration must set forth "controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Richard v. Dignean*, 126 F. Supp. 3d 334, 337 (W.D.N.Y. 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see also Micolo v. Fuller*, No. 6:15-CV-06374 EAW, 2017 WL 2297026, at *2 (W.D.N.Y. May 25, 2017) ("To merit reconsideration under Rule 54(b), a party must show 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.'") (quoting *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003)).

In Plaintiff's Motion for Reconsideration, he contends that the Court made factual mistakes and reiterates some of the facts and arguments set forth in his Third Amended Complaint, while providing an update on the treatment of certain medical conditions. He briefly argues that the amended pleadings gave enough facts to give "fair notice" of his claims to Defendants. ECF No. 43 at 5. Plaintiff's argument does not constitute proper grounds for reconsideration because the Court did not overlook any factual allegations "that might reasonably be expected to alter the conclusion reached." *Richard*, 126 F. Supp. 3d at 337. The Court, without repeating the analysis set forth in its prior order, concludes pursuant to Rule 54(b) that Plaintiff has not demonstrated "clear error" to justify reconsideration of the Court's ruling. *See McGee v. Dunn*, 940 F. Supp. 2d 93, 102 (S.D.N.Y. 2013). Therefore, Plaintiff is not entitled to relief.

## **CONCLUSION**

The Court concludes that Plaintiff failed to meet the high standard required to justify reconsideration of its June 5, 2018 Order. Therefore, Plaintiff's request for partial reconsideration (ECF No. 43) is denied.

IT IS SO ORDERED.

Dated: November 26, 2018
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court