UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

REGINALD GHAFFAR MCFADDEN,

                              Plaintiff,                  Case # 16-CV-6105-FPG

v.

                                                                       DECISION AND ORDER

ANTHONY J. ANNUCCI, JR., et al.,

                              Defendants.
_____

## **INTRODUCTION AND BACKGROUND**

Pro se Plaintiff Reginald Ghaffar McFadden, an inmate currently confined at Attica Correctional Facility, filed this action seeking relief under 42 U.S.C. § 1983. Plaintiff originally filed this action in the Northern District of New York with an *in forma pauperis* ("IFP") motion. *See McFadden v. Annucci*, 9:15-CV-1354 (DNH/DEP). ECF No. 1. The Northern District severed certain claims concerning events that allegedly occurred at the Attica and Southport Correctional Facilities and transferred them to this Court. ECF No. 12 at 10-13. In the same order transferring those claims to this Court, the Northern District made a preliminary finding that Plaintiff had "sufficiently alleged that he was 'under imminent danger of serious physical injury' when he filed this action[]" and granted Plaintiff permission to proceed IFP. *Id.* at 6.

On September 24, 2018, Defendants moved to dismiss the Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and to revoke Plaintiff's IFP status. ECF No. 48. For the reasons that follow, Defendants' Motion is GRANTED IN PART and DENIED IN PART. Specifically, the Court revokes Plaintiff's IFP status and denies Defendants' Motion to Dismiss, with leave to renew if Plaintiff pays the $400.00 in filing fees in accordance with this Order. Plaintiff also moved to consolidate this case with *McFadden v. Koenigsman*, Case # 18-

CV-6684, which is also pending dismissal for failure to pay the filing fees. ECF No. 56. Plaintiff's Motion is DENIED.

## DISCUSSION

### I. Legal Standard

Pursuant to 29 U.S.C. § 1915, a prisoner who has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim" may not proceed IFP "unless [he] is under imminent danger of serious physical injury." 29 U.S.C. § 1915(g). In other words, when a prisoner has garnered three "strikes," as they are commonly known, the IFP motion must be denied unless the plaintiff has asserted claims indicating that he is in imminent danger of serious physical injury. In that regard, the Court must determine whether a plaintiff with three strikes was in imminent danger when he filed the complaint. *See Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). "When a Court learns of a plaintiff's prior disqualifying suits (*i.e.*, 'strikes'), it may revoke IFP status and dismiss the complaint." *Southerland v. Patterson*, No. 10 CV 09155 BSJ RLE, 2012 WL 208105, at *1 (S.D.N.Y. Jan. 23, 2012) (citing *Harris v. City of New York*, 607 F.3d 18, 23 (2d Cir. 2010)). In fact, "district courts may apply the three strikes rule *sua sponte*." *Harris*, 607 F.3d at 23.

### II. Plaintiff's Three-Strikes Status

In seeking revocation of Plaintiff's IFP status, Defendants correctly note that there is no question in this Court, and others, that Plaintiff garnered at least three strikes as far back as 20 years ago. ECF No. 17; *see McFadden v. Parpan*, 16 F. Supp. 2d 246, 247 (E.D.N.Y. 1998) (dismissing Plaintiff's action where the court subsequently realized that IFP status had been improvidently granted); *McFadden v. Annucci*, No. 13-CV-0559, 2014 WL 824207, at *1

(W.D.N.Y. Feb. 28, 2014). Therefore, Plaintiff can maintain his IFP status only if he was in imminent danger of serious physical injury when he commenced this action. *See Malik,* 293 F.3d at 563.

### III. <u>Imminent Danger of Serious Physical Injury</u>

The Court now considers whether Plaintiff's allegations in this case support a finding that he was in imminent danger of serious physical injury when he filed the Complaint. Upon transferring this case, the Northern District made a "**preliminary finding**" that Plaintiff was entitled to IFP status based on his allegation that he was "denied adequate medical care for his serious medical needs at Attica C.F., including treatment for Hepatitis C." ECF No. 12 at 6 (emphasis in original). The Northern District noted, however, that "[P]laintiff's [IFP] status may be revoked if, as the case progresses, it is determined that he did not face imminent danger of serious physical injury when he commenced this action or is otherwise not entitled to" IFP treatment. *Id*.

The Second Circuit has instructed that "[a]n imminent danger is not one 'that has dissipated by the time a complaint is filed,' rather it must be one 'existing at the time the complaint is filed.'" *See Chavis v. Chappius*, 618 F.3d 162, 169 (2d Cir. 2010*)* (internal citation omitted) (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009) and *Malik*, 293 F.3d at 563); *see also Akassy v. Hardy*, 887 F.3d 91, 96 (2d Cir. 2018) (explaining that "it is not sufficient to allege that 'harms . . . had already occurred'") (quoting *Malik*, 293 F.3d at 563).

While § 1915(g) presents "only a threshold procedural question" that does not require "an overly detailed inquiry into . . . the allegations," the fear of a serious physical injury must be alleged. *See Chavis*, 618 F.3d at 169 (quoting *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007)). There must "be a nexus between the imminent danger" alleged "and the legal claims

3

asserted in his complaint." *Pettus*, 554 F.3d at 297. To assess whether the nexus exists, courts look to "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would *redress* that injury." *Id*. at 298-99 (emphasis in original).

Here, the Court finds that Plaintiff's allegations do not support a finding that he was in imminent danger of serious physical injury when he filed the Complaint. Plaintiff asserts that he was denied adequate medical care and treatment for long-standing medical conditions, namely Hepatitis C. Upon review of the pleadings, the Court notes that these allegations are "strikingly similar" to those made in multiple prior actions that Plaintiff filed. *McFadden v. Annucci*, 2014 WL 824207, at *1 (citing *McFadden v. Patterson*, 9:10-CV-00127 (TJM/DEP) (N.D.N.Y. June 22, 2010) (claims that Plaintiff was not receiving adequate medical care for Hepatis C and needed a hearing aid were "patently insufficient to demonstrate that he faced an imminent danger of serious physical harm") (internal quotation marks omitted); *see also McFadden v. Annucci*, No. 9:05CV1235, 2005 WL 3359079, at *2 (N.D.N.Y. Dec. 8, 2005) (Plaintiff's allegation that he was denied Hepatitis C treatment since 1995 did not constitute imminent danger of serious physical injury).

The Court finds that Plaintiff's claims in this case are merely conclusory attempts to re-allege medical conditions that other courts have repeatedly found do not demonstrate imminent danger. Plaintiff's broad assertions concerning his Hepatitis C treatment and the denial or delay of medical appointments and medications do not plausibly allege that Plaintiff was in imminent danger of serious harm. While Hepatitis C clearly presents a serious medical need, Plaintiff does not allege any imminent danger during the relevant period.

**CONCLUSION**

For the reasons stated, Defendants' Motion (ECF No. 48) is GRANTED IN PART and DENIED IN PART. Specifically, the Court REVOKES Plaintiff's IFP status and he has until March 29, 2019 to pay the $400.00 in filing fees. If Plaintiff does not pay the filing fees by that date, the Third Amended Complaint will be dismissed without prejudice under 28 U.S.C. § 1915(g) and the Clerk of Court will terminate this action without further order. Defendants may renew their Motion to Dismiss if Plaintiff pays the filing fees as directed. Plaintiff's Motion to Consolidate (ECF No. 56) is DENIED.

The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this Order would not be taken in good faith and denies leave to appeal to the Court of Appeals as a poor person. *Coppedge v. United States*, 369 U.S. 438 (1962). Plaintiff should direct further requests to proceed on appeal IFP to the United States Court of Appeals for the Second Circuit on motion in accordance with Federal Rule of Appellate Procedure 24.

IT IS SO ORDERED.

Dated: February 22, 2019
      Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court