UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――――

REGINALD GHAFFAAR McFADDEN,

                     Plaintiff,

       v.

ANTHONY J. ANNUCCI, JR., et al.,

                     Defendants.

―――――――――――――――――――――――――――――

<u>DECISION & ORDER</u>

16-CV-6105FPG

       Currently pending before this Court are five motions filed by plaintiff Reginald Ghaffaar McFadden ("McFadden").  (Docket ## 185, 192, 197, 201, 207).  Three relate to discovery disputes involving interrogatories that McFadden served on defendants Lisa Chudzik and Dr. John Morley.  (Docket ## 185, 197, 201).  The remaining two motions address McFadden's desire to amend his complaint and have it served on certain defendants and his request for this Court's recusal.  (Docket ## 192, 197, 207).

## I.    <u>Motion for Recusal</u>

       McFadden seeks this Court's recusal on the grounds that the Court has been "decisively bias[ed]" from the start of the litigation and has "fail[ed] to properly manage the [litigation] to the prejudice of plaintiff."  (Docket # 207).  Although McFadden asserts conclusorily that this Court has exhibited bias, his assertion is unsupported by specific allegations.  Conclusory allegations of bias are insufficient to warrant recusal.  *See Person v. Gen. Motors Corp.*, 730 F. Supp. 516, 519 (W.D.N.Y. 1990) ("[c]ounsel's allegations are generally so vague, conclusory, and unsubstantiated that they are utterly inadequate to require

recusal[;] . . . [c]onclusory statements are of no effect[;] [n]or are counsel's unsupported beliefs and assumptions") (internal quotations omitted).

Review of McFadden's motion suggests that his genuine complaint is that this Court's decisions are not being rendered as quickly as he believes they should be.  That McFadden is not satisfied with the speed with which decisions are issued does not entitle him to recusal.  *See United States v. Alevras*, 114 F. App'x 488, 489 (3d Cir. 2004) (unpublished decision) ("we find baseless appellant's suggestion that the district judge should be recused on remand because he allegedly took too long to decide the motion, and then allegedly decided it too quickly after appellant wrote the judge to complain that it was taking too long for the motion's disposition"); *Roudabush v. Pirelli*, 2015 WL 5567413, *4 (D.N.J. 2015) (recusal not warranted where plaintiff contended that the court had "taken too long in resolving his pending motions, of which there have been many[;] [d]issatisfaction with the litigation process is not grounds for recusal"); *Drumgo v. Roop*, 2015 WL 1788940, *2 (D. Del. 2015) (plaintiff's complaints regarding the length of time to issue decisions was not a basis for recusal).

In any event, review of the docket shows that this case was referred to the undersigned less than one year ago, on November 24, 2021.  (Docket # 129).  In addition to the motions that this Court has decided since referral (Docket ## 135, 145, 172, 175), McFadden has filed five additional motions seeking a variety of relief (Docket ## 185, 192, 197, 201, 207). Some of these motions seek the same relief, and some include filings that conflate or refer to issues raised in the other pending motions or in other cases pending before the Court, which only complicates the task of identifying the precise issues pending before the Court and results in unnecessary delay resolving the issues.

This is not the first time that McFadden's unnecessary multiplication of filings has resulted in needless confusion, delay, and a judicial admonishment to limit his filings, particularly regarding matters that are already pending before the Court.  (*See*, *e.g.*, Docket # 101 ("[t]he Court again directs [p]laintiff to refrain from additional filings, . . . until the Court renders a decision on the pending motions")).  In the future, McFadden must comply with the local rules of civil procedure governing motion practice.  These rules set forth the permissible filings in support of a motion, which include an opening submission, an opposition submission, and, if requested, a single reply.  *See* W.D.N.Y. Local Rules 5.2 and 7 (replies permitted only if "the moving party has stated an intent to reply").  These submissions should not be supplemented by letters or other filings absent express leave from the Court.  *See* W.D.N.Y. Local Rule 7(a)(6) ("[a]bsent permission of the Judge hearing the motion, sur-reply papers are not permitted").  Moreover, McFadden should not file multiple motions seeking the same relief.

Additionally, McFadden should refrain from filing single motions or sending single letters to the Court that relate to both of his currently-pending lawsuits: 18-CV-6684 and 16-CV-6105.  Each submission that McFadden makes should relate only to a single case and should be clearly captioned with the pertinent case number.  *See* W.D.N.Y. Local Rule 5.2(g) ("[w]here a *pro se* litigant has more than one (1) action pending, any motion or other papers purporting to relate to more than one (1) action will not be accepted for filing, except upon a finding of good cause[;] [a] motion or other papers shall be directed to the issues raised in one (1) action only, and shall be filed only in that action").  **McFadden is cautioned that filings not in compliance with the local rules will be stricken and not considered by the Court.**

For the reasons discussed above, McFadden's motion seeking this Court's recusal (**Docket # 207**) is **DENIED**.

II.     **Discovery Motions**

I turn next to the motions relating to interrogatories that McFadden purportedly served on Chudzik and Morley.  (Docket ## 185, 197, 201).  Review of the filings related to these motions reveal that many of the issues raised are either premature, moot, or not ripe for determination because the parties have not yet satisfied their conferral obligations.  The Court addresses each of the discovery motions below.

By motion dated June 15, 2022, McFadden requested an order compelling defendants to respond to interrogatories that he maintains he served on May 6, 2022.  (Docket # 185).  Defendants opposed the motion, contending that they had never been served with interrogatories directed to Chudzik and Morley and first learned of them through McFadden's motion.  (Docket # 188 at ¶¶ 7-12).  Defendants also opposed the motion on the grounds that McFadden never contacted them to discuss the outstanding responses prior to filing the motion. (*Id.* at ¶ 11).  Defendants Chudzik and Morley agreed to provide responses by no later than July 15 (*id.* at ¶ 12), and they did so on July 12, 2022 (Docket ## 195, 196).  McFadden's request for an order compelling responses is therefore moot.  *Vega v. Hatfield*, 2011 WL 13128745, *1 (W.D.N.Y. 2011) ("[a]lso pending is [plaintiff's] motion to compel certain discovery responses[;] [b]ecause defendants represent that they have now produced the requested discovery . . . , [plaintiff's] motion to compel is denied as moot"); *Smith v. Fischer*, 2008 WL 5129863, *1 (W.D.N.Y. 2008) ("defendants filed a response to plaintiff's request for admissions[;] . . . [a]ccordingly, to the extent plaintiff moves to compel a response to his requests for admissions, such motion is denied as moot").

McFadden thereafter filed several motions challenging the interrogatory responses as "unsworn," *i.e.*, not verified under oath in accordance with Rule 33(b)(3) of the Federal Rules

4

of Civil Procedure.  (Docket ## 197 at 7-9; 201).  In response, defendants concede that they

failed to include the proper language in their responses; they note that the deficiency would have

been promptly remedied had McFadden conferred with them prior to seeking judicial

intervention.  (Docket # 198 at ¶ 33).  Nevertheless, despite having been notified of and

conceding the deficiency, it does not appear that defendants have served supplemental

interrogatories responses with the proper certification.  Defendants are directed to do so by no

later than **December 9, 2022**.

McFadden also appears to challenge the adequacy of some of Chudzik's and

Morley's responses to his interrogatories.  (Docket # 197 at 8-9).  He does so, however, without

including the required certification that he conferred in good faith with opposing counsel in an

effort to resolve the disputes before filing the motion.  *See* Fed. R. Civ. P. 37(a)(1).  Indeed,

defendants' counsel has represented that McFadden did not contact him to discuss defendants'

responses before filing the pending motions.  (Docket # 198 at ¶ 35).  McFadden's failure to

comply with the conferral requirement before filing the pending motions to compel is grounds to

deny the motions.  *See, e.g.*, *Buckingham v. Lewis Gen. Tires, Inc.*, 2017 WL 975942, *6

(W.D.N.Y. 2017) ("[plaintiff's] failure to comply with Rule 37[(a)(1)], particularly in light of the

Court's advisement [of the need to confer before filing a motion to compel], warrants denial of

his motions [to compel]"); *Brown v. Clayton*, 2013 WL 1409884, *2 (D. Conn. 2013) ("[t]he

failure to follow the meet and confer requirement is a sufficient basis for denying the motion to

compel").  Accordingly, on this record, McFadden's motion to compel interrogatory responses

**(Docket # 185)** is **DENIED AS MOOT**.  The other two motions relating to the interrogatories

**(Docket ## 197, 201)** are **GRANTED** to the extent Chudzik and Morley are directed to serve

properly-sworn supplemental interrogatory responses and are otherwise **DENIED**.

This Court reiterates that Rule 37(a)(1) of the Federal Rules of Civil Procedure requires, as a prerequisite to a motion to compel, that the requesting party confer in good faith with the responding party and include with his motion a certification attesting that the parties have conferred.  Fed. R. Civ. P. 37(a)(1).  This Court's local rules also require parties seeking judicial intervention to resolve a discovery dispute to include an affidavit "showing that sincere attempts to resolve the discovery dispute have been made."  W.D.N.Y. Loc. R. 7(d)(3).  The local rules further provide that "no motion for discovery and/or production of documents . . . shall be heard unless accompanied" by such an affidavit.  *Id.*  "The purpose of the meet and confer requirement is to resolve discovery matters without the court's intervention to the greatest extent possible."  *Excess Ins. Co. v. Rochdale Ins. Co.*, 2007 WL 2900217, *1 (S.D.N.Y. 2007).  "Only those matters that remain unresolved after serious attempts to reach agreement should be the subject of a motion to compel."  *Id*.

Review of the discovery motions addressed above suggests that many, if not all, of the disputes could have been resolved had McFadden first attempted to confer with defendants prior to seeking judicial intervention.  McFadden is cautioned that he must comply with the conferral requirements of the Federal and Local Rules of Civil Procedure and that any additional discovery motion must include the required certification outlining his conferral attempts and attaching any relevant correspondence.  **Any discovery motions that fail to comply with these rules will be stricken or dismissed by the Court**.

### III.   Motions for Service

McFadden requests an order directing the United States Marshal to serve several defendants with copies of the summons and complaint.  (Docket # 197).  Several of those on

whom McFadden requests service – J. Schunk, D. Venetozzi, Andrea Hayne, RN, and the State

of New York – are not currently defendants in the action, although McFadden's pending motion

to amend the complaint seeks to add them as defendants.  (Docket # 192).  Because his motion to

amend has not yet been decided, his motion for service upon these individuals is premature and

is denied without prejudice at this time.

McFadden also requests service upon defendant Barham, whom he previously

requested be substituted for defendant J. Cross.  (Docket ## 116, 117, 192).  Defendants maintain

that Barham is not currently a party to this action (Docket # 198 at ¶¶ 15-22), although he was

substituted for defendant "J. Cross" pursuant to a text order dated November 1, 2021 (Docket

# 117) and apparently was never served.  After some confusing correspondence from McFadden

regarding his intent, the district court directed him to clarify by no later than November 19, 2021

whether he intended to substitute Barham for Cross.  (Docket # 123).  McFadden responded by

letter dated December 3, 2021.  (Docket # 132).  In the letter, McFadden confirmed that he

wished to substitute Barham for Cross and explained that his delay in responding was due to his

ongoing medical treatment.  (*Id.*).  Moreover, Barham is listed as a defendant in McFadden's

proposed amended complaint, while Cross is not.  (Docket # 192-2).  On this record,

McFadden's motion for service upon Barham is granted.

McFadden also requests that the New York State Attorney General be directed to

ascertain the address of defendant J. Gullo.  (Docket # 197).  Counsel for defendants represents

that he has requested this information, but it does not appear that this information has been

provided.  Accordingly, this portion of McFadden's motion is granted.

Finally, McFadden requests that defendants be required to identify the "Regional

Health Service Director who served between August 1, 2012 and November 14, 2015 if not

7

Defendant Peter Bogar[a]k" – presumably in order to serve that individual instead of Bogarak. (Docket # 197 at 3).  Bogarak was named as a defendant in the Third Amended Complaint, and the district court directed that he be served with a copies of a summons and the complaint. (Docket # 64).  Although service was attempted on Bogarak, it apparently was unsuccessful. (Docket # 83).  Accordingly, McFadden requested assistance identifying the proper address at which to serve Bogarak.  (Docket # 98).  By the time of that request, however, McFadden had already requested leave to file a Fourth Amended Complaint, which did not name Bogarak as a defendant.  (Docket ## 71, 80).  The district court denied the request and terminated Bogarak as a defendant, noting that although Bogarak was named in the Third Amended Complaint, he was not named as a defendant in the Fourth Amended Complaint.  (*Id.* at 14, 19 n.14).  Nor does it appear that Bogarak, or anyone in his purported role as Regional Health Service Director, is named as a defendant in the proposed Fifth Amended Complaint.  (Docket # 192-2).  Because there is no claim pending against Bogarak, or anyone else in his purported role as Regional Health Service Director, this portion of McFadden's motion is denied.

IV.   **Motion to Amend**

Also pending before the Court is McFadden's motion to amend his complaint (Docket # 192), a decision on which will issue in due course.  Because determination of the motion to amend may affect the scope of discovery, the Court will stay the non-expired deadlines contained in its Scheduling Order (Docket # 177) pending determination on the motion.  Until that motion is determined, the parties shall not file any motions or requests for relief in this matter, except for motions or requests for preliminary or emergency injunctive relief under Rule

65 of the Federal Rules of Civil Procedure or any motion seeking review of this Decision and

Order.  Violations of this directive will be cause for sanctions.


### CONCLUSION

For the reasons stated above, McFadden's motions for recusal and to compel

**(Docket ## 185, 207)** are **DENIED**.  McFadden's motions relating to the adequacy of

defendants' interrogatory responses **(Docket ## 197, 201)** are **GRANTED in part and**

**DENIED in part**.  Specifically, defendants Chudzik and Morley are directed to serve

properly-sworn supplemental interrogatory responses by no later than **December 9, 2022**.

McFadden's motion for service **(Docket # 197)** is **GRANTED in part and DENIED in part**.

Defendants are directed to ascertain the proper address for service on defendant J. Gullo,

pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (*per curiam*), and to provide that

information to the Court by no later than **December 9, 2022**.  Additionally, the Clerk of the

Court is directed to cause the United States Marshal to serve a summons, the Fourth Amended

Complaint (Docket # 71), and a copy of this Decision and Order on defendant Barham without

McFadden's payment therefor, unpaid fees to be recoverable if this action terminates by

monetary award in McFadden's favor, and defendant Barham is directed, pursuant to 42 U.S.C.

§ 1997e(g)(2), to answer the Fourth Amended Complaint.

McFadden's motion to amend **(Docket # 192)** is **RESERVED**.  Pending

determination of the motion, the non-expired deadlines contained in this Court's Scheduling

Order (Docket # 177) shall be stayed, and the parties shall not file any motions or requests for

relief in this matter, except for motions or requests for preliminary or emergency injunctive relief

under Rule 65 of the Federal Rules of Civil Procedure or any motion seeking review of this

Decision and Order.

**IT IS SO ORDERED**

_s/Marian W. Payson_
MARIAN W. PAYSON
United States Magistrate Judge

Dated:  Rochester, New York
    November 22, 2022